UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GENERAL MOTORS CORPORATION,
a Delaware corporation,

    *Plaintiff,*

vs.

CADILLAC CITY, INC.,
a Massachusetts corporation,

    *Defendant.*

CIVIL ACTION NO.

04 11926 REK

MAGISTRATE JUDGE

RECEIPT # _____ 58388
AMOUNT $ _____ Credit Card
SUMMONS ISSUED _____ yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____ TOM
DATE _____ 9/2/04

## VERIFIED COMPLAINT

Plaintiff General Motors Corporation ("GM"), for its claims against defendant Cadillac,

Inc. ("Defendant") alleges as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.    GM files this action against Defendant for cyberpiracy, trademark dilution,

trademark infringement, counterfeiting, and false designation of origin under the Lanham Act (15

U.S.C. § 1051 *et seq.*), including under the amendment to the Lanham Act known as the

Anticybersquatting Consumer Protection Act based on (1) Defendant's misappropriation of

GM's world-famous trademark CADILLAC® in the Internet domain name

CADILLACCITY.COM, (2) Defendant's misappropriation of GM's world-famous trademark

CADILLAC® in Defendant's business name "Cadillac City, Inc." and in Defendant's logo as

depicted below, and (3) Defendant's use of a logo that is a counterfeit of and confusingly similar

to the world-famous CADILLAC LOGO® as depicted below:

-1-

| | |
|---|---|
| GM's USPTO Registration Nos. 1570808 and 1745650 |  |
| Defendant's Logo that knockoffs GM's CADILLAC LOGO® | |
| Defendant's signage that violates GM's trademark rights | |

2.     In this Complaint, GM alleges claims for cyberpiracy, federal trademark dilution, federal trademark infringement, federal counterfeiting, and false designation of origin or

sponsorship under Sections 43(d), 43(c), 32(1), and 43(a) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1125(d), 1125(c), 1114(1) and 1125(a), and trademark infringement under common law.  In bringing this lawsuit, GM seeks a permanent injunction enjoining Defendant from violating GM's trademarks and counterfeits thereof, an order permitting seizure of the counterfeit and infringing advertisements and products and the means for producing them, and GM's attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction of this action pursuant to:

(a)    Judicial Code, 28 U.S.C. § 1331, relating to "federal question" jurisdiction;

(b)    Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c)    Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d)    Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e)    Section 43(c) of the Lanham Act, 15 U.S.C., Section 1125(c), relating to dilution;

(f)    The Judicial Code, 28 U.S.C. § 1338(a), conferring on this Court jurisdiction over actions arising under federal trademark laws;

(g)    The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws"; and

(h)    The Judicial Code, 28 U.S.C. § 1367 providing for supplemental jurisdiction over the state law claims in this action.

4.    Defendant is subject to personal jurisdiction in this District inasmuch as Defendant conducts its business in this judicial District.

5.    Because a substantial part of the events giving rise to these claims occurred in this Judicial District, venue is proper under 28 U.S.C. §1391.

## THE PARTIES

6.    Plaintiff GM is a Delaware corporation with its principal place of business in Detroit, Michigan.

7.    Defendant Cadillac City, Inc. is a Massachusetts corporation with its principal place of business at 186 Monsignor O'Brien Highway, Cambridge, MA  02141.  Defendant operates an automobile dealership at this address.  Defendant is also the registrant of the domain name CADILLACCITY.COM.

## FACTS COMMON TO ALL CLAIMS

### GM's Trademarks

8.    For many years, GM has used the famous and registered trademarks CADILLAC® and the CADILLAC LOGO® in connection with GM's world famous and high quality automobile products and services.  GM has obtained from the United States Patent and

Trademark Office several trademark registrations for the trademark CADILLAC®, including US Registration Nos. 0201694, 0647241, 1700662, 1900372, 1665834, 1663465, 1664137, 1682999, 1660237, 1681292, 1711662, 1834568, 1782739, 2654530, and the CADILLAC LOGO®, including US Registration Nos. 1570808 and 1745650. Representative copies of GM's trademark registrations are attached hereto as Exhibit A. These registrations are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of GM's exclusive ownership of the trademarks CADILLAC® and the CADILLAC LOGO® (hereinafter the "GM Trademarks").

9.    GM has used the GM Trademarks since long before the acts of Defendant complained of herein. GM has spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing the GM Trademarks throughout the United States and the world. As a result of such advertising and expenditures, GM has established considerable goodwill in the GM Trademarks. The GM Trademarks have become widely known and recognized throughout the world as symbols of high quality, reliable automobile products and services. The GM Trademarks are famous and distinctive, and have come to be associated by the consuming public exclusively with the products marketed by GM. The GM Trademarks are invaluable assets of substantial and inestimable worth to GM.

10.    GM itself operates a website at CADILLAC.COM where GM advertises its line of Cadillac® vehicles, products, and services. A true and correct copy of GM's website at CADILLAC.COM is attached hereto as Exhibit B.

### *Defendant's Violations of GM's Trademark Rights*

11.     GM discovered in May 2004 that Defendant is in the business of operating an automobile dealership at 186 Monsignor O'Brien Highway, Cambridge, MA    02141.    In operating this dealership and in advertising its sale of automobiles and services, Defendant is violating GM's trademark rights by, among other things, (1) misappropriating GM's world-famous trademark CADILLAC® in the Internet domain name CADILLACCITY.COM where Defendant operates a website, (2) misappropriating GM's world-famous trademark CADILLAC® in Defendant's business name "Cadillac City, Inc." and in Defendant's logo, and (3) using a logo that is a counterfeit of and confusingly similar to the world-famous CADILLAC LOGO®. A true and correct copy of Defendant's website at CADILLACCITY.COM is attached hereto as Exhibit C.  A true and correct copy of the WHOIS information demonstrating that Defendant is the registrant of CADILLACCITY.COM is attached hereto as Exhibit D.  True and correct copies of photographs taken on May 19, 2004 of Defendant's automobile dealership and signage misappropriating both the trademark CADILLAC® and the CADILLAC LOGO® are attached hereto as Exhibit E.

12.     Defendant is not in any way affiliated with, authorized, or sponsored by GM and has no authority to use the GM Trademarks.  Despite its lack of affiliation, authorization, or sponsorship, Defendant unlawfully uses the GM Trademarks Marks as alleged above.

13.     Immediately after GM discovered Defendant's violations of GM's trademark rights, GM sent a cease and desist letter to Defendant on or about May 25, 2004.  A true and correct copy of this cease and desist letter is attached hereto as Exhibit F.  For the next few months, GM and Defendant attempted to resolve this matter without litigation.  Defendant,

however, refuses to cease and desist from Defendant's violations of the GM Trademarks, and have forced GM to file this lawsuit.

14.    Defendant's misappropriation of the GM Trademarks constitutes a misappropriation of the GM Trademarks and associated good will, and is likely to cause potential purchasers of Defendant's products and services, as well as the public at large, to believe that Defendant's services and products are affiliated with, authorized, sponsored by, or endorsed by GM.    In addition, Defendant's wrongful use of the GM Trademarks dilutes, tarnishes, and whittles away the distinctiveness of the GM Trademarks.    Defendant's conduct is intentionally fraudulent, malicious, willful, and wanton.    Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## FIRST CLAIM FOR RELIEF
(Cyberpiracy)

15.    The allegations set forth above are incorporated herein by this reference.

16.    Defendant's misappropriation of GM's world-famous trademark CADILLAC® in the Internet domain name CADILLACCITY.COM evidences Defendant's bad-faith intent to profit from the misuse of the GM Trademarks.

17.    Defendant has registered, trafficked in, and/or used domain names misappropriating trademarks that were famous at the time of Defendant's registration and use of the domain name CADILLACCITY.COM.    The domain name CADILLACCITY.COM is identical to, confusingly similar to, or dilutive of the GM Trademarks.

18.    GM is entitled to an injunction prohibiting Defendant from using the domain name CADILLACCITY.COM and any other domain names that misappropriate the GM Trademarks and requiring Defendant to transfer such domain names to GM.

19.    In addition, GM is entitled to GM's costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution)

20.    The allegations set forth above are incorporated herein by this reference.

21.    The GM Trademarks are famous trademarks. They are inherently distinctive and/or have acquired secondary meaning.

22.    GM and its predecessors have extensively and exclusively used the GM Trademarks in commerce in connection with automotive products and services.

23.    Defendant's unauthorized registration and use of the domain name CADILLACCITY.COM and unauthorized use of the GM Trademarks as described above dilute the distinctive quality of, and tarnish the famous GM Trademarks in violation of 15 U.S.C. § 1125(c)(1).

24.    As a direct and proximate result of Defendant's conduct, GM has suffered irreparable harm to the valuable GM Trademarks. Unless Defendant is enjoined, the valuable GM Trademarks will continue to be irreparably harmed and diluted. GM has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's actions are allowed to continue.

25.    Defendant has used and continues to use the GM Trademarks, or counterfeits thereof, willfully and with the intent to dilute the GM Trademarks, and with the intent to trade on

-8-

the reputation and goodwill of GM and of the GM Trademarks. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

26.   In addition, GM is entitled to its attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
(Trademark Infringement and Counterfeiting)

27.   The allegations set forth above are incorporated herein by this reference.

28.   The GM Trademarks are inherently distinctive and/or have acquired secondary meaning. The public associates the GM Trademarks exclusively with GM and the products and services marketed and sold under those names. The GM Trademarks' inherent distinctiveness has been acquired through extensive advertising, sales, and use in commerce throughout the world in connection with GM's manufacture, marketing, and sales of high quality automobiles, services, and warranty products.

29.   Despite GM's well-known prior rights in the GM Trademarks, Defendant has used and continues to use, without GM's authorization, the GM Trademarks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the advertisement, promotion, and sale of Defendant's products and services.

30.   Defendant's actions as described above, including the sale of parts and products that bear counterfeits of the GM Trademarks constitute willful infringement of GM's exclusive rights in the GM Trademarks and trademark counterfeiting in violation of 15 U.S.C. § 1114.

31.   Defendant's use of the GM Trademarks, counterfeits, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Defendant's

products and services. Defendant has used counterfeits of the GM Trademarks in connection with its products with the knowledge that the marks are counterfeits and with the intent to use counterfeits. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

32.    As a direct and proximate result of Defendant's conduct, GM has suffered irreparable harm to the valuable GM Trademarks. Unless Defendant is restrained from further infringement of the GM Trademarks, GM will continue to be irreparably harmed.

33.    GM has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

34.    In addition, GM is entitled to GM's attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (False Designation of Origin)

35.    GM realleges and incorporates herein by reference allegations above.

36.    Defendant has knowingly used the GM Trademarks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendant manufactures, advertises, promotes, and sells. Defendant has used counterfeits of the GM Trademarks knowing that the marks used are counterfeits and with the intent to use counterfeits of the GM Trademarks. Defendant's actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

37.    Defendant's misappropriation of the GM Trademarks alleged above is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's services and products, and is likely to cause such people to believe in error that Defendant's products and services have been

-10-

authorized, sponsored, approved, endorsed, or licensed by GM or that Defendant is in some way affiliated with GM.

38.    Defendant's acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendant's goods, and constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

39.    By reason of Defendant's actions, GM has suffered irreparable harm to the valuable GM Trademarks.  Unless Defendant is restrained from its actions, GM will continue to be irreparably harmed.

40.    GM has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue.

41.    In addition, GM is entitled to GM's attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
(Trademark Infringement under Michigan Common Law)

42.    GM realleges and incorporates herein by reference the allegations above.

43.    GM was the first to use the GM Trademarks or any marks similar thereto in association with the sale of any product and service.  As a result of the continued sale by GM of GM products and services under the GM Trademarks, the GM Trademarks have become widely known in Michigan and worldwide and GM has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the GM Trademarks are applied.

-11-

44.    As a result of the experience, care, and service of GM producing GM products and services, GM products and services have become widely known in Michigan and worldwide and have acquired a world-wide reputation for quality, durability, and performance. Moreover, the GM Trademarks have become associated with GM products and services, and have come to symbolize the reputation for quality and excellence of GM products and services. As such, the GM Trademarks have become distinctive.

45.    Defendant, with knowledge of and with intentional disregard of GM's rights, continues to advertise, promote, and sell services and products using the GM Trademarks or counterfeits and confusing imitations thereof. Such acts by Defendant have caused and continue to cause confusion in Michigan as to the source and/or sponsorship of Defendant's products and services.

46.    Defendant's acts constitute willful infringement of GM's exclusive rights in the GM Trademarks, in violation of the common law.

47.    By reason of Defendant's actions, GM has suffered irreparable harm to the valuable GM Trademarks. Unless Defendant is restrained from further infringement of the GM Trademarks, GM will continue to suffer irreparable harm.

48.    GM has no remedy at law that will adequately compensate it for the irreparable harm it will suffer if Defendant's conduct is allowed to continue.

49.    In addition, GM is entitled to GM's attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, GM prays for judgment against Defendant as follows:

-12-

A.     Under all claims for relief, that a permanent injunction be issued enjoining Defendant, its employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1)     imitating, copying, or making unauthorized use of any of the GM Trademarks or trade dress;

(2)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the GM Trademarks or trade dress;

(3)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the GM Trademarks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(4)     using any false designation of origin or false description (including, without limitation, any letters or symbols constituting the GM Trademarks or trade dress, or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant is in any manner associated or connected with GM or the GM Trademarks, or is sold, manufactured, licensed, sponsored, approved or authorized by GM;

(5)     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendant's possession, custody or control bearing a design or mark substantially identical to any or all of the GM Trademarks or trade dress;

(6)     engaging in any other activity constituting unfair competition with GM with respect to the GM Trademarks or trade dress, or constituting an infringement of any or all of the GM Trademarks, or of GM's rights in, or to use or exploit, any or all of the GM Trademarks or trade dress; and

(7)     instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (6) above.

B.      Under GM's claims for cyberpiracy, that Defendant, and all of its agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined as follows:

(1)     That Defendant be enjoined from transferring to anyone other than to GM the domain name CADILLACCITY.COM, or any other domain names that use names, words, designations, or other symbols confusingly similar to the GM Trademarks:

(2)     That Defendant be enjoined from registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using the domain name CADILLACCITY.COM, or any other domain names that use names, words, designations, or other symbols confusingly similar to the GM Trademarks;

-14-

(3)    That Defendant be ordered to disclose to the Court and to GM all other domain name registrations directly or indirectly owned or registered by Defendant in order to permit the Court and GM to consider whether any such other registration should be transferred to GM or be subject to other relief in this matter; and

(4)    That Defendant be ordered to transfer to GM the registration for the domain names CADILLACCITY.COM, and any other domain names that use names, words, designations, or other symbols confusingly similar to the GM Trademarks.

C.    For an order directing that Defendant deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in its possession or under its control, bearing or using any or all of the GM Trademarks or trade dress or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

D.    For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is authorized by GM or related in any way to the GM Products or services.

E.    For an order directing that Defendant file with the Court and serve upon GM's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the above.

F.    For an order permitting GM, and/or auditors for GM, to audit and inspect the books and records of Defendant for a period of six months after entry of final relief in this matter

to determine the scope of Defendant's past use of the GM Trademarks, as well as Defendant's compliance with orders of this Court.

      G.     For an award of GM's costs and disbursements incurred in this action, including GM's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

      H.     For an order requiring Defendant to file with the Court and provide to GM an accounting of all sales and profits realized by Defendant through the use of the GM Trademarks and any counterfeits thereof.

      I.     For an award of interest, including pre-judgment interest on the foregoing sums.

      J.     For such other and further relief as the Court may deem just and proper.

Dated: September 2, 2004

BANNER & WITCOFF
Peter D. McDermott (BBO # 330760)
Thomas P. McNulty (BBO # 654564)
28 State Street
28th Floor
Boston, MA  02109
Telephone:  (617) 720-9600

HOWARD, PHILLIPS & ANDERSEN
Gregory D. Phillips
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
Telephone:  (801) 366-7471

**_Of Counsel:_**

CHARLES H. ELLERBROCK
**GENERAL MOTORS CORPORATION**
300 Renaissance Center
Detroit, Michigan 48265-3000
(313) 665-4709

## VERIFICATION

Charles H. Ellerbrock, under penalty of perjury of the laws of the United States, states:

That he is Intellectual Property Counsel at General Motors Corporation; that he has read, is familiar with, and has personal knowledge of most of the contents of the foregoing Verified Complaint and that the allegations thereof are true and correct. To the extent that matters are not within his personal knowledge, the facts stated therein have been assembled by authorized personnel, including counsel, and he is informed that the facts stated therein are true and correct.

Executed this 30th day of August 2004 in Detroit, Michigan

CHARLES H. ELLERBROCK

-17-

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**General Motors Corporation**

Wayne County, MI

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter D. McDermott and Thomas P. McNulty
Banner & Witcoff, Ltd.
28 State Street, 28th Floor, Boston, MA 02109
617-720-9600

## DEFENDANTS

**Cadillac City, Inc.**

Middlesex County, MA

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 820 Copyrights | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 830 Patent | [ ] 810 Selective Service |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | [x] 840 Trademark | [ ] 850 Securities/Commodities/ |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | Exchange |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 875 Customer Challenge |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900 Appeal of Fee Determination |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | or Defendant) | Under Equal Access to |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | | [ ] 871 IRS—Third Party | Justice |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. | 26 USC 7609 | [ ] 950 Constitutionality of |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | Security Act | | State Statutes |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Cyberpiracy, Trademark Dilution and Infringement, Counterfeiting and false designation of origin under the Laham Act, 15 U.S.C. §1051 et. seq.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY  (See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE  September 2, 2004

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)  General Motors Corporation v. Cadillac City, Inc.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
    local rule 40.1(a)(1)).

    [ ]    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [✓]    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    [ ]    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

    [ ]    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

    [ ]    V.     150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES [ ]    NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                        YES [ ]    NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES [ ]    NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                        YES [✓]    NO [ ]

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division [✓]       Central Division [ ]      Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies,  residing in Massachusetts reside?

         Eastern Division [ ]       Central Division [ ]      Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                        YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Thomas P. McNulty
ADDRESS  Banner & Witcoff, Ltd., 28 State Street, 28th Floor, Boston, MA 02109
TELEPHONE NO.  617-720-9600

(Coversheetlocal.wpd - 10/17/02)

AO 120 (Rev. 3/04)

| TO:          Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ of Massachusetts _____ on the following  G Patents or  G Trademarks:

| DOCKET NO. | DATE FILED 9/2/2004 | U.S. DISTRICT COURT          of Massachusetts |
|---|---|---|
| PLAINTIFF<br><br>General Motors Corporation | | DEFENDANT<br><br>Cadillac City, Inc. |

04 11926 REK

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 1681292 | 3/31/1992 | General Motors Corporation |
| 2 | 1711662 | 9/1/1992 | General Motors Corporation |
| 3 | 1834568 | 5/3/1994 | General Motors Corporation |
| 4 | 1782739 | 7/20/1993 | General Motors Corporation |
| 5 | 2654530 | 11/26/2002 | General Motors Corporation |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |   |   |   |
|---|---|---|---|---|
|  | G Amendment | G Answer | G Cross Bill | G Other Pleading |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO 120 (Rev. 3/04)

| TO:    Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____ of Massachusetts _____ on the following ☐ Patents or ☑ Trademarks:

| DOCKET NO. | DATE FILED<br>9/2/2004 | U.S. DISTRICT COURT    of Massachusetts |
|---|---|---|
| PLAINTIFF<br><br>General Motors Corporation | | DEFENDANT<br><br>Cadillac City, Inc. |

# 04 ~ 1 1 9 2 6 REK

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 201694 | 8/4/1925 | General Motors Corporation |
| 2 | 647241 | 6/18/1957 | General Motors Corporation |
| 3 | 1700662 | 7/14/1992 | General Motors Corporation |
| 4 | 1900372 | 6/20/1995 | General Motors Corporation |
| 5 | 1665834 | 11/26/1991 | General Motors Corporation |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

✎ AO 120 (Rev. 3/04)

| TO:  Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
| --- | --- |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court _____ of Massachusetts _____ on the following  ⬜ Patents or  ☑ Trademarks:

| DOCKET NO. | DATE FILED 9/2/2004 | U.S. DISTRICT COURT  of Massachusetts | |
| --- | --- | --- | --- |
| PLAINTIFF<br><br>General Motors Corporation | | DEFENDANT<br><br>Cadillac City, Inc. **04-11926 REK** | |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| --- | --- | --- | --- |
| 1 | 1663465 | 11/5/1991 | General Motors Corporation |
| 2 | 1664137 | 11/12/1991 | General Motors Corporation |
| 3 | 1682999 | 4/14/1992 | General Motors Corporation |
| 4 | 1660237 | 10/8/1991 | General Motors Corporation |
| 5 | 1745650 | 1/12/1993 | General Motors Corporation |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
| --- | --- | --- | --- |
| | ⬜ Amendment    ⬜ Answer    ⬜ Cross Bill    ⬜ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
| --- |
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
| --- | --- | --- |
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

✎ AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ of Massachusetts _____ on the following ⚲ Patents or ⚲ Trademarks:

| DOCKET NO. | DATE FILED 9/2/2004 | U.S. DISTRICT COURT  of Massachusetts |
|---|---|---|
| PLAINTIFF<br><br>General Motors Corporation | | DEFENDANT<br>Cadillac City, Inc.<br><br>04 CV 11926 REK |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 1570808 | 12/12/1989 | General Motors Corporation |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |  ⚲ Amendment | ⚲ Answer | ⚲ Cross Bill | ⚲ Other Pleading |
|---|---|---|---|---|---|

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director      Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director      Copy 4—Case file copy