UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 OCT 25 A 11: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| GENERAL MOTORS CORPORATION,<br>a Delaware corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>CADILLAC CITY, INC.,<br>a Massachusetts corporation,<br><br>*Defendant.* | CIVIL ACTION NO. 04 cv 11926 REK |

## ANSWER (AND AFFIRMATIVE DEFENSES) OF DEFENDANT CADILLAC CITY, INC.

Defendant, Cadillac City, Inc. hereby answers the following correspondingly numbered paragraphs of the Plaintiff, General Motors Corporation's Verified Complaint as follows:

1. and 2.  Cadillac City, Inc. believes that no answer to paragraphs 1 and 2 of General Motors Corporation's Verified Complaint are required as these appear to be General Motors Corporation's own summary of what follows in succeeding paragraphs; to the extent any answer is required, Cadillac City repeats and reavers its answers to said succeeding paragraphs here.

### JURISDICTION AND VENUE

3. Cadillac City, Inc. admits that this Court has jurisdiction over the subject matter of this action pursuant to certain sections of the Lanham Act; said Defendant is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and therefore calls upon the Plaintiff for proof of same; Cadillac City reserves the right to amend this response.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that for many years General Motors Corporation has used the name "Cadillac" in connection with the sale of new automobile products and services; otherwise Cadillac City, Inc. is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 8 and therefore denies the same.

9. Admitted that General Motors Corporation has used the word "Cadillac" before the Defendant, Cadillac City, Inc.'s, use of that word; otherwise Cadillac City, Inc. is without sufficient knowledge or information to form a belief as the truth of the averments of paragraph 9 and therefore denies the same. Further answering, Cadillac City, Inc. states that it was organized as a Massachusetts Corporation in 1979, has used the name "Cadillac City" in connection with the operation of its used car business since that time and that its predecessors have used the name "Cadillac City" in connection with their operation of said used car business in the same location since at least 1974 and, on information and belief, since 1964. Moreover, for over thirty (30) years the Defendant's use of the name "Cadillac City" has come to be associated by the Defendant's customers with the products (used cars) offered for sale by the Defendant and General Motors Corporation has, on information and belief, been aware of said use and association for many years prior to making any complaint concerning the same. Further answering, Cadillac City, Inc. states that many other businesses use the word "Cadillac" in connection with their goods and services which they offer for sale to consumers.

10. Admitted.

11. Denied.

12. Admitted that Defendant is not affiliated with, authorized or sponsored by General Motors Corporation, otherwise denied; further answering Cadillac City, Inc. states that at certain times it or its predecessor in the used car business sold many used Cadillacs prior to changes in the used car market; Cadillac City, Inc. is without sufficient knowledge or information to form a belief as to whether its predecessor had any such affiliation, authority or sponsorship from General Motors Corporation.

13. Admitted that Exhibit "F" is a true copy of a letter dated May 25, 2004 which Cadillac City received from General Motors Corporation; otherwise denied.

14. Admitted.

## FIRST CLAIM FOR RELIEF
(Cyberpiracy)

15. Cadillac City, Inc. incorporates by reference its answers to the allegations set forth in the preceding paragraphs.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## SECOND CLAIM FOR RELIEF
(Trademark Dilution)

20. Cadillac City, Inc. incorporates by reference its answers to the allegations set forth in the preceding paragraphs.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## THIRD CLAIM FOR RELIEF
(Trademark Infringement and Counterfeiting)

27. Cadillac City, Inc. incorporates by reference its answers to the allegations set forth in the preceding paragraphs.

28. Denied.

29. Denied.

30. Denied.

3

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## FOURTH CLAIM FOR RELIEF
### (False Designation of Origin)

35. Cadillac City, Inc. incorporates by reference its answers to the allegations set forth in the preceding paragraphs.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## FIFTH CLAIM FOR RELIEF
### (Trademark Infringement Under Michigan Common Law)

42. Cadillac City, Inc. incorporates by reference its answers to the allegations set forth in the preceding paragraphs.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## PRAYER FOR RELIEF

The Defendant, Cadillac City, Inc., denies that the Plaintiff, General Motors Corporation is entitled to any such relief as is requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant, Cadillac City, Inc., states that the Plaintiff, General Motors Corporation has acquiesced in the said Defendant's use of the name "Cadillac City" since at least 1974 and on information and belief, in said use by its predecessors in business since 1964.

### SECOND AFFIRMATIVE DEFENSE

The Defendant, Cadillac City, Inc. states that it reached an accord and satisfaction in or about 1996 when General Motors Corporation requested that the Defendant remove a Cadillac "crest" from its signage and Cadillac City, Inc. agreed to do so and did so.

### THRID AFFIRMATIVE DEFENSE

Cadillac City, Inc. does not maintain an office, sales force or any other presence in the state of Michigan, does no significant business in the State of Michigan and is not subject to the laws of that State.

### FOURTH AFFIRMATIVE DEFENSE

General Motors Corporation has waived the claims set forth in its Verified Complaint.

### FIFTH AFFIRMATIVE DEFENSE

General Motors Corporation in using the alleged trademark "Cadillac" has chosen a trademark which is already diluted insofar as it is widely used by others in other contexts and combinations, including the sale of automobile-related products and services.

### SIXTH AFFIRMATIVE DEFENSE

General Motors Corporation's use of the alleged trademark "Cadillac" is geographical and descriptive by nature and is not necessarily related to or associated with General Motors Corporation's products or services.

### SEVENTH AFFIRMATIVE DEFENSE

General Motors Corporation's claims advanced herein are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

General Motors Corporation's claims herein are barred by laches as General Motors Corporation knew of the use of the alleged mark or name in question and inexcusably delayed taking action to such an extent that the Defendant, Cadillac City, Inc. has been prejudiced.

**WHEREFORE**, the Defendant, Cadillac City, Inc., requests that this Honorable Court:

(a) grant Judgment in favor of Cadillac City, Inc. and against General Motors Corporation as to each Count of the Plaintiff's Verified Complaint;

(b) award Cadillac City, Inc. its costs and attorney's fees incurred in the defense of this action to be paid by General Motors Corporation;

(c) grant such other and further relief as this Court deems to be just and reasonable under the circumstances.

**DEFENDANT CADILLAC CITY, INC. HEREEBY DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN.**

CADILLAC CITY, INC.

By _____
Edward E. George, Jr., Esq. (BBO# 189160)
EDWARD GEORGE & ASSOCIATES
110 Florence Street, 2nd Floor
P.O. Box 393
Malden, MA  02148
Tel. #: 781-322-7575

## CERTIFICATE OF SERVICE

I, Edward F. George, Jr., counsel for the Defendant, Cadillac City, Inc. hereby certify that service of a true copy of the foregoing **Answer (and Affirmative Defenses) of Defendant Cadillac City, Inc.** has this day been made upon the Plaintiff, General Motors Corporation, by delivering copies thereof to its counsel of record, by Federal Express, as follows: Thomas P. McNulty, Esq. Banner & Witcoff, Ltd. 28 State Street, 28th Floor, Boston, MA. 02109 and to its co-counsel Gregory D. Phillips, Esq. Howard, Phillips & Andersen, 560 E., 200 S., Suite 300, Salt Lake City, Utah 84102.

Date _October 22, 2004_          _____
                                  Edward F. George, Jr.