UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENERAL MOTORS CORPORATION,<br>a Delaware corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>CADILLAC CITY, INC.,<br>a Massachusetts corporation,<br><br>*Defendant.* | CIVIL ACTION NO. 04 cv 11926 REK |

FILED
IN CLERKS OFFICE
2004 OCT 25  A 11: 2
U.S. DISTRICT COURT
DISTRICT OF MASS.

## AFFIDAVIT OF EDWARD F. GEORGE, JR. IN OPPOSITION TO GM'S MOTION FOR PRELIMINARY INJUNCTION

I, Edward F. George of, 110 Florence Street, Malden, Massachusetts, under oath, hereby depose and say as follows:

1. I am the principal of Edward George and Associates, a law firm located and operating at 110 Florence Street, Malden, Massachusetts, 02148.

2. I represent the Defendant, Cadillac City, Inc. in the above entitled matter.

3. Edward George and Associates, P.C. employs Rebecca A. Hartley, of 156 Morrison Avenue, Somerville, MA 02145, as a law clerk. Ms. Hartley performs legal research and other related duties pursuant to her employment, and at all times does so subject to my direction and control.

4. As part of her research regarding this litigation, I instructed Ms. Hartley to conduct an online search using the search term "Cadillac". I instructed her to find websites that use the name "Cadillac" and whose subject matter relates to automobile products or services. I instructed Ms. Hartley that I wanted only websites that came up quickly and automatically pursuant to the search, and that the search should therefore take no longer than one half-hour. Finally, I instructed Ms. Hartley to document and record approximately the first twenty (20) websites meeting the aforementioned criteria.

5.   After completion of the search, Ms. Hartley informed me that the search had taken one half-hour, that she had used only one search engine, "Google.com", and that she had used only one search term, "Cadillac". Ms. Hartley further informed me that the search had yielded a large number of websites using the word "Cadillac" in their titles/names. Ms. Hartley then furnished me with direct printouts of her search results; approximately nineteen (19) auto-related websites that use the term "Cadillac" in the name/title of their sites which are, on information and belief, not authorized by General Motors Corporation. The original printouts that were furnished to me by Ms. Hartley pursuant to this research assignment are attached hereto as Exhibit "A".

6.   During the week of September 21, 2004 the USA Today newspaper was delivered daily to my hotel room in Seattle, Washington. Inside was the approximately 21"x 22" fold-out advertisement, an original of which is attached hereto as Exhibit "B". On information and belief this advertisement was authorized by General Motors Corporation. Please note that Exhibit "B" cotains a detailed description of "the new Cadillac STS" and a definition of the word "Cadillac" as follows:

> "cadillac\'kadəl,ak\ n, usu cap [fr. Cadillac, a trademark]:
> something that is the most outstanding or prestigious of its kind*"

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 22d DAY OF OCTOBER, 2004.

_____
Edward F. George, Jr.

2

## CERTIFICATE OF SERVICE

I, Edward F. George, Jr., counsel for the Defendant, Cadillac City, Inc. hereby certify that service of a true copy of the foregoing **Affidavit of Edward F. George In Opposition to GM's Motion for Preliminary Injunction** has this day been made upon the Plaintiff, General Motors Corporation, by delivering copies thereof to its counsel of record, by Federal Express, as follows: Thomas P. McNulty, Esq. Banner & Witcoff, Ltd. 28 State Street, 28th Floor, Boston, MA. 02109 and to its co-counsel Gregory D. Phillips, Esq. Howard, Phillips & Andersen, 560 E., 200 S., Suite 300, Salt Lake City, Utah 84102 and by faxing copies thereof to them at (617)-720-9601 and (801)-366-7706, respectively.

Date _October 22, 2004_                     _____
                                             Edward F. George, Jr.

3