IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GENERAL MOTORS CORPORATION**, a Delaware corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>**CADILLAC CITY, INC.**, a Massachusetts corporation,<br><br>*Defendant*. | Civil Action No. 04-11926 REK<br><br><br>Judge Robert E. Keeton |

## DECLARATION OF CHARLES H. ELLERBROCK

I, Charles H. Ellerbrock, declare under penalty of perjury of the laws of the United States as follows:

1.	I am Intellectual Property Counsel for General Motors Corporation, and am in charge of General Motors' trademark enforcement.

2.	I have personal knowledge of the facts stated herein, and, if called to testify as a witness, I could and would testify competently thereto. I submit this Declaration in response to the Affidavit of Charles Karyanis, and, in particular, to his assertion in paragraph 8 that he received a telephone call from the GM legal department in 1996.

3.	In both a response letter sent to me by Mr. Karyanis on or about June 8, 2004, attached hereto as Exhibit 1, in response to my Cease and Desist Letter of May 25, 2004, and in two extended telephone conversations between Mr. Karyanis and myself on June 16, 2004 and August 5, 2004, Mr. Karyanis made absolutely no mention of this alleged contact by GM's legal department in 1996. Mr. Karyanis repeatedly told me in the telephone conversations that he had been using the name "Cadillac City" for thirty years, but he never once told me that somebody from the GM legal department called him in 1996 and told him that if he removed the Cadillac

Crest® that was alright. I believe that if such a contact had in fact taken place, Mr. Karyanis would have immediately raised the alleged contact and discussed it with me.

4. GM maintains an infringer file system and data base for infringers consistent with its internal document retention policy, and GM's infringer file system and computer data base have no entry or reference to "Cadillac City."

5. GM has no documents in its files or possession relating to "Cadillac City" other than some photos that were taken of Cadillac City on or about May 19, 2004, and the emails forwarding such photographs to GM's legal department.

6. It is, and has been for decades, the well-established practice and procedure of the GM legal department to request compliance with GM's trademark rights with Cease and Desist letters such as the May 25, 2004 letter. The GM legal department never requests compliance by calling up an infringer and requesting compliance orally. The reason for this practice and procedure is that the GM legal department wants to document all such requests to cease and desist.

7. The GM legal department would have never told an independent car dealership that is using the name "Cadillac City" simply to remove the Cadillac Crest®, but that it was somehow alright to continue to use the business name "Cadillac City" as alleged in Mr. Karyanis' Affidavit at Paragraph 8. GM's legal department would have never tolerated an independent car dealership using the name "Cadillac City" under any circumstances.

8. I understand that the first time that Mr. Karyanis made any assertion that such an alleged telephone call had taken place in 1996 was during the course of settlement discussions after GM had filed this lawsuit and moved for a preliminary injunction. During such discussions, GM's counsel had explained that the fact that Defendant had been using the business name for 30 years without objection by GM did not constitute laches and acquiescence

unless Defendant could demonstrate that somebody at GM's legal department knew about the use of the business name and somehow acquiesced in the continued use of the name "Cadillac City." I understand that a few days after GM's counsel made this explanation, Mr. Karyanis asserted for the first time that such a telephone call with the GM legal department took place in 1996.

Executed this 28th day of October 2004 in Detroit, Michigan.

*[signature]*
CHARLES H. ELLERBROCK