# SRBC

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

JEFFREY S. STERN
stern@srbc.com

August 29, 2005

**BY FAX & 1ST CLASS MAIL**

(781) 322-1555
Edward George, Esquire
110 Florence Street
P.O. Box 393
Malden, MA 02148

(801) 366-7706
Gregory Phillips, Esquire
Howard, Phillips & Anderson
560 E. 200 South
Suite 300
Salt Lake City, UT 84102

(617) 720-9601
Peter D. McDermott, Esquire
Banner & Witcoff, Ltd.
28 State Street
Boston, MA 02109

Re:   *General Motors Corp. v. Cadillac City, Inc.*

Dear Counsel:

As you know, I am generally extremely reluctant to take any action that could even be interpreted as disclosure of mediation communications, as reflected in my letter of April 20, 2005 in this case. However, agreements reached in the course of mediation, in my opinion, are not subject to the same strictures, or else they would not be enforceable. Similarly, as a corollary, conditions or contingencies surrounding an agreement reached at mediation can be an appropriate subject for disclosure, in my view. Obviously, there are a number of things that have happened since the mediation in March, with which I have no first-hand familiarity. From documents supplied to me, however, it appears there is, or may be, a dispute as to the precise contingencies attendant to the agreement reached at mediation. My notes reflect that those contingencies were:

1) that the defendant would effect the change of corporate name with the Secretary of State, and then seek, and receive, permission to use that name from the Cambridge Licensing Commission, as an automobile dealer; and

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**

Office of General Counsel
August 29, 2005
Page 2

    2) that the defendant would send letters to its financing agencies of the name change, and that they would agree to the name change, and agree to continue financing arrangements under the new name.

    I take no position, of course, on whether either or both contingencies have been met, since I have no first-hand knowledge of that, but it is my memory, as reflected in my notes, that the "draft agreement" referred to in my letter of March 4, 2005 to Attorney Phillips would reflect both of those contingencies.

Very truly yours,

*[signature]*

Jeffrey S. Stern

JSS/ja

366929