LAW OFFICES

# HOWARD, PHILLIPS & ANDERSEN

*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS  
Direct Dial: (801) 366-7707  
E-Mail: GDP@HPALAW.COM

560 East 200 South, Suite 300  
Salt Lake City, UT 84102

Telephone: (801) 366-7471  
Facsimile: (801) 366-7706

August 9, 2005

**VIA FACSIMILE (No. 781-322-1555)**  
**AND U.S. MAIL**

Edward F. George, Jr., Esq.  
Edward George & Associates  
110 Florence Street, Second Floor  
P.O. Box 393  
Malden, MA  02148

    Re:    <u>General Motors v. Cadillac City, Case No. 04-11926 REK</u>

Dear Ed:

    Chuck Ellerbrock and I have carefully reviewed the proposed Settlement Agreement that you sent us.  While GM is willing to consider some of your proposed changes, GM cannot agree to three critical issues.  GM raises these three issues without waiving its position that the parties have already in fact reached a settlement at the mediation with Jeff Stern.

    First, the Internet domain names, including, but not limited to CADILLACCITY.COM and CADCITY.COM, must be transferred to GM within thirty days.  GM is willing to allow a jump page redirecting the domain names to the new domain name for the period of time set forth in the Settlement Agreement that we sent you earlier.  But the names need to be transferred.

    Second, all name changes need to be taken care of by December 31, 2005.  GM is willing to work with your client on appropriate transition periods, but GM believes that since May 18, 2005, when Cambridge City allowed your client to change the name on his license, that your client has had plenty of time to change his name.

    Third, GM insists on a Stipulated Permanent Injunction that is consistent with the Settlement Agreement.

    Please let me know no later than August 11th whether your client can agree to these three issues.

    If your client cannot agree to these three issues, please have your client provide us no later than Friday, August 12, 2005, the name, address, and telephone number of the financial institution(s), and the name of the contact person at such financial institution(s), who has allegedly represented to your client that it will no longer do business with your client if your

August 9, 2005
Page 2

client changes its name. As we have informed you previously in written correspondence, we have contacted all of the financial institutions provided by your client, and none of them has decided not to do business with your client because of the name change except for the financial institution who did business with your client on the erroneous belief that your client was in fact an authorized GM Cadillac Dealer.

If your client cannot provide this information by this Friday, we intend to raise the issue with the Court at the hearing set for August 30, 2005, and inform the Court that your client falsely represented that financial institutions would not do business with your client in an attempt to extort money from GM to settle the case contrary to the agreement that the parties reached at the mediation. Judge Keeton has already informed the parties that your client's attempt to extract money from GM is "out of bounds."

We look forward to bringing this matter to an amicable resolution. Thank you for your attention to this matter.

Very truly yours,

Gregory D. Phillips

GDP
Charles H. Ellerbrock, Esq.

(.gp)