## EDWARD GEORGE & ASSOCIATES
COUNSELLORS AT LAW
110 FLORENCE STREET, SECOND FLOOR
P.O. BOX 393
MALDEN, MASSACHUSETTS 02148
TEL (781) 322-7575
FAX (781) 322-1555
e.george@verizon.net

February 23, 2005

**VIA FEDERAL EXPRESS**

Jeffrey S. Stern, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA  02114-4737

    Re:    **General Motors Corporation v. Cadillac City, Inc.**
             **U.S. District Court for District of Massachusetts**
             **C.A. No. 04CV11926 REK**
             **(Judge Robert E. Keeton)**

Dear Mr. Stern:

       In preparation for the Mediation session scheduled at your office with you on March 3, 2005 at 9:30 a.m., enclosed please find the following:

1. Check No. 70205 drawn on the account of Cadillac City, Inc. in the amount of $705 payable to your firm as requested;
2. Completed Participant Disclosure Form for Cadillac City, Inc.;
3. Agreement for Mediated Negotiation which I have signed for Cadillac City, Inc. and Mr. Karyanis (if you need same signed by Mr. Karyanis he will do so on March 3rd prior to commencement of the mediation);
4. A copy of **Cadillac City's Memorandum in Opposition to General Motors Corporation Motion for Preliminary Injunction** dated October 22, 2004. Although we have filed a subsequent brief with the Court, this initial 12-page memo will give you an overview of Cadillac City's view of the factual and legal issues at hand;
5. **Affidavit of Charles Karyanis dated October 21, 2004** (without exhibits). Again, although Mr. Karyanis has filed two (2) subsequent affidavits, this 4-page Affidavit filed at the initial stage of the pleadings fundamentally outlines our factual position; and
6. **Confidential Statement of Cadillac City** prepared for this Mediation.

EDWARD GEORGE & ASSOCIATES

Jeffrey S. Stern, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
February 23, 2005
Page Two

I have spoken to Attorney Greg Phillips who represents GM last week concerning our submissions. He has copies of Nos. 1 through 5 above but, of course, not No. 6. I understand Attorney Phillips will submit his own confidential statement on GM's behalf.

Thank you for your assistance in this matter.

Very truly yours,

EDWARD GEORGE & ASSOCIATES

Edward F. George, Jr.

EFG/mss

---

**FedEx US Airbill**

FedEx Tracking Number: 8489 9612 5276

**1 From**
Date: 2/23/05
Sender's FedEx Account Number: 1742-8303-6
Sender Name: Edward J. George, Jr.
Phone: (781) 322-7575
Company: EDWARD GEORGE AND ASSOCIATES
Address: 110 FLORENCE ST
City: MALDEN  State: MA  ZIP: 02148

**2 Your Internal Billing Reference:** (Cadillac City)

**3 To**
Recipient's Name: Jeffrey S. Stern, Esq.
Phone: (617) 227-3030
Company: Sugarman, Rogers, Barshak & Cohen PC
Recipient's Address: 101 Merrimac St.
City: Boston  State: MA  ZIP: 02114-4737

**4a Express Package Service**
☑ FedEx Priority Overnight

**5 Packaging**
☑ FedEx Envelope

**7 Payment** Bill to:
☑ Sender

466

0289795473

## AGREEMENT FOR MEDIATED NEGOTIATION

The undersigned agree to participate in mediated negotiations and to employ the services of Jeffrey S. Stern ("Mediator"), who agrees to mediate their negotiations. All parties agree as follows:

1. All parties acknowledge that the Mediator is an impartial person who does not represent any party, is not a source of individual legal advice, has no decision-making authority, and shall disclose any interest or relationship which may affect his neutrality.

2. All parties are free to withdraw from the mediation process at any point.

3. No written documents generated during the course, or at the end of, the negotiation session shall be of any legal effect unless and until signed by all parties. Independent review by counsel is advised.

4. All communications during the negotiation sessions (public and private) as well as the mediator's work product are confidential and privileged from disclosure in any proceeding. However, the work product of any particular party remains the sole product of that party and is not itself subject to this confidentiality provision or non-disclosure unless otherwise agreed upon in writing by the parties.

5. No party shall subpoena the Mediator, his documents or notes in any proceeding, and any party in violation of this specific agreement shall indemnify the Mediator from all costs in connection with such breach.

6. The confidentiality of the negotiations is also protected by Massachusetts General Laws, Chapter 233, §23C.

7. The Mediator shall not be liable to any party for any act or omission in connection with services performed under this agreement.

8. Fees. The parties agree to share evenly the mediator's fees, which include any necessary travel time. Rates are as follows: for two-party mediations, $420.00 per hour; for each additional party, the hourly increment shall be $50 per hour, with a maximum increment of $100, and the total amount shall be shared equally among the parties unless otherwise agreed. The minimum fee is based on two hours. There is an additional administrative charge of $75.00 per party and a cancellation fee of $100.00 per party, if canceled with less than forty-eight hours notice. (For these purposes, "party" means one or more persons represented by one attorney). Counsel for the parties acknowledge that they have engaged the Mediator, and shall be responsible for his fees.

9. Each party shall have the option of preparing and delivering to the Mediator a brief mediation summary (approximately five (5) pages or less, double-spaced, exclusive of exhibits). This should be delivered at least two (2) days prior to the mediation, with copies supplied to all parties.

10. <u>All necessary parties, with appropriate authority, shall be present at the mediation session</u>. Presence by telephone conference call is acceptable only if <u>previously assented</u> to by all parties, and if physical presence would be unduly burdensome. In such cases, the person participating by telephone must be available throughout the mediation.

11. The parties (and particularly the plaintiff) are strongly encouraged to have initiated appropriate discussions with any third party holding a lien, or any subrogated interest, prior to the mediation session, with the objective that such interest not become a barrier to complete

resolution of the case. If necessary and/or appropriate the holder of such interest should participate, or be available for consultation during the mediation.

*[signature]*
*as counsel for*
*Cadillac City Inc.*
*and its principal*
*Mr. Charles Keyanus*
*2/23/05*

_____
Mediator

67680.1                             3

# SRBC Fax

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

| | |
|---|---|
| Date | August 29, 2005 |
| From | Jeffrey S. Stern |
| Client and matter # | 24169 |
| Transmitted by | Julia |
| # of pages, incl. cover | 4 |

| | |
|---|---|
| To | Edward George |
| Company | |
| Fax number | (781) 322-1555 |
| Reference | General Motors Corp. v. Cadillac City, Inc. |

Notes

If you experience any problems with this transmission or do not receive all pages, please call 617 227-3030.

This fax contains information which (a) may be legally privileged, proprietary in nature, or otherwise protected by law from disclosure, and (b) is intended only for the use of the Addressee(s) named below. If you are not the Addressee, or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying or distributing this fax is prohibited. If you have received this fax in error, please contact us immediately and mail the fax back to us at the above address.

## AGREEMENT FOR MEDIATED NEGOTIATION

The undersigned agree to participate in mediated negotiations and to employ the services of Jeffrey S. Stern ("Mediator"), who agrees to mediate their negotiations. All parties agree as follows:

1. All parties acknowledge that the Mediator is an impartial person who does not represent any party, is not a source of individual legal advice, has no decision-making authority, and shall disclose any interest or relationship which may affect his neutrality.

2. All parties are free to withdraw from the mediation process at any point.

3. No written documents generated during the course, or at the end of, the negotiation session shall be of any legal effect unless and until signed by all parties. Independent review by counsel is advised.

4. All communications during the negotiation sessions (public and private) as well as the mediator's work product are confidential and privileged from disclosure in any proceeding. However, the work product of any particular party remains the sole product of that party and is not itself subject to this confidentiality provision or non-disclosure unless otherwise agreed upon in writing by the parties.

5. No party shall subpoena the Mediator, his documents or notes in any proceeding, and any party in violation of this specific agreement shall indemnify the Mediator from all costs in connection with such breach.

6. The confidentiality of the negotiations is also protected by Massachusetts General Laws, Chapter 233, §23C.

7. The Mediator shall not be liable to any party for any act or omission in connection with services performed under this agreement.

8. Fees. The parties agree to share evenly the mediator's fees, which include any necessary travel time. Rates are as follows: for two-party mediations, $420.00 per hour; for each additional party, the hourly increment shall be $50 per hour, with a maximum increment of $100, and the total amount shall be shared equally among the parties unless otherwise agreed. The minimum fee is based on two hours. There is an additional administrative charge of $75.00 per party and a cancellation fee of $100.00 per party, if canceled with less than forty-eight hours notice. (For these purposes, "party" means one or more persons represented by one attorney). Counsel for the parties acknowledge that they have engaged the Mediator, and shall be responsible for his fees.

9. Each party shall have the option of preparing and delivering to the Mediator a brief mediation summary (approximately five (5) pages or less, double-spaced, exclusive of exhibits). This should be delivered at least two (2) days prior to the mediation, with copies supplied to all parties.

10. <u>All necessary parties, with appropriate authority, shall be present at the mediation session.</u> Presence by telephone conference call is acceptable only if <u>previously assented</u> to by all parties, and if physical presence would be unduly burdensome. In such cases, the person participating by telephone must be available throughout the mediation.

11. The parties (and particularly the plaintiff) are strongly encouraged to have initiated appropriate discussions with any third party holding a lien, or any subrogated interest, prior to the mediation session, with the objective that such interest not become a barrier to complete

resolution of the case. If necessary and/or appropriate the holder of such interest should participate, or be available for consultation during the mediation.

_____  _____
*[signature] By Phillips*                                    Mediator
Attorney for General Motors
(801) 366-7471